# No. 24-1238

# United States Court of Appeals for the Fourth Circuit

RANDALL WILLIAMS, Personal Representative of the Estates of Shanice R. Dantzler-Williams and Miranda R. Dantzler-Williams; BETTY SIMMONS, Personal Representative of the Estate of Stephanie Dantzler,

*Plaintiffs-Appellants*,

— v. —

CHARLESTON COUNTY SHERIFF'S OFFICE,

*Defendant-Appellee,*

and

CHARLESTON COUNTY; EMILY PELLETIER; CLINTON SACKS,

*Defendants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT CHARLESTON

## LETTER BRIEF OF APPELLANTS
## REGARDING THE EFFECT OF *GALETTE v. N.J. TRANSIT CORP.*

RICHARD A. HRICIK
LAW OFFICES OF
  RICHARD A. HRICIK, PA
941 Houston Northcutt Boulevard
Suite 204
Mount Pleasant, South Carolina 29464
(843) 849-0136

*Counsel for Appellants*

CP COUNSEL PRESS    (800) 4-APPEAL • [812338]

# **INTRODUCTION**

*Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854 (2026) resolves

Appellee's Eleventh Amendment immunity claim because Appellee does not and

cannot dispute that:

(1) The State of South Carolina is not legally liable for any judgments against Appellee. See*, e.g.*, S.C. Const. art. X §§ 7(a), 7(b), 8; S.C. Code Ann. §§ 1-11-140(A), 1-11-445(A), 15-78-30, 15-78-140 (allocating liability to political subdivisions and not the State, while treating such entities as separately liable under South Carolina law); and

(2) Appellee is a department of Charleston County that is budgeted, funded, and insured by the County with County funds—the same as all of its departments—pursuant to South Carolina law. See S.C. Code Ann. §§ 4-1-80, 4-9-30, 4-9-140, 15-78-140(b), 15-78-150(b); JA51–53.[1]

The State's decision not to assume legal liability for judgments against

Appellee, together with Appellee's status as a county office, forecloses its claim of

Eleventh Amendment immunity under *Galette's* framework, especially given the

Supreme Court's grant-vacate-remand decision.[2]

---

[1] See County of Charleston, South Carolina, Annual Comprehensive Financial Report (Year Ended June 30, 2022), at 21, 46–47, 112. https://www.charlestoncounty.gov/departments/finance/files/FY22Acfr/ACFR2022.pdf?v=608 (Charleston County (not the State) budgets, funds, and insures Appellee as one of its many county departments, including the purchase of liability insurance for its personnel and vehicles).

[2] As the question of Eleventh Amendment immunity is one of law, reviewed *de novo*, the immunity question should be decided by this Court as remand would undermine judicial economy as the relevant facts under *Galette* are both established and undisputed. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 542 (4th Cir. 2014); See Reply Br. pp. 20–25.

## DISCUSSION

I.  ***Galette*** **makes formal State legal liability for judgments of an entity the central inquiry to promote consistency in Eleventh Amendment immunity determinations.**

*Galette* refocused Eleventh Amendment immunity on a core constitutional principle—that sovereign immunity is "'personal'" to the State itself and does not extend to legally separate entities. *Id.* at 865 (quoting *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999)).

Although *Galette* arose in the context of interstate sovereign immunity, the Court analyzed the same core sovereign-immunity question presented in arm-of-the-State cases: whether the State has structured the entity as legally separate by its decision not to assume legal liability for its judgments. *Id.* at 869, 872–73.

The Court then cautioned that when compared to the clarity of a State's legal liability for an entity's judgments, multi-factor considerations such as state control, the exercise of essential governmental functions, and financial relationships are inherently imprecise indicators of immunity, describing their use as "perilous," "uncertain," "unreliable," and "not especially probative." *Id.* at 872–73. As to the financial relationship question and how much funding is enough, the Court rejected the premise stating, "The more apt question instead is whether the State would be formally obligated to pay the entity's judgments." *Id.* at 874 (citations omitted).

In a unanimous decision, the Court held that NJ Transit is not an arm of the State, even though "[New Jersey] exerts a substantial amount of control"—

2

gubernatorial control over NJ Transit's board members with veto power over the Board's actions, a state cabinet member as chair, legislative oversight, substantial state funding in the millions, and the delegation to it of governmental plenary police powers—were all found to be less relevant considerations than the absence of formal State legal liability for NJ Transit's judgments. *Id.* at 863–64, 872.

II. **Under *Galette*, Appellee bears the burden of proving entitlement to the State's "personal" immunity—a showing foreclosed by South Carolina law.**

Eleventh Amendment immunity is an affirmative defense for which Appellee bears the burden of proof. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014). *Galette* clarifies that the central inquiry is whether the State is formally legally liable for judgments against the entity. 146 S. Ct. at 869, 872–73.

But South Carolina law and its Constitution foreclose any possibility that the State is legally responsible for judgments against Appellee. See, *e.g.*, S.C. Const. art. X §§ 7(a), 7(b), 8; S.C. Code Ann. §§ 1-11-140(A), 1-11-445(A), 15-78-30, 15-78-140. As such, under *Galette*, this reflects South Carolina's legislative choice to structure Appellee as legally separate from the State.

III. **Appellee is a county office and, as such, is not an arm of the State.**

Eleventh Amendment immunity does not extend to "lesser entities" such as counties and other local governmental bodies that are not arms of the State. *Alden v. Maine*, 527 U.S. 706, 756 (1999), cited in *Galette*, 146 S. Ct. at 860. "Cities and counties serve public functions and exercise police powers but are not arms of the

State." *Id.* at 873. Appellee is a county office (department) of Charleston County that is budgeted, funded, and insured by Charleston County and its liabilities are borne exclusively by the County—not by the State. See S.C. Code Ann. §§ 4-1-80, 4-9-30, 4-9-140, 15-78-140(b), 15-78-150(b); supra note 1.

Consistent with *Galette* (and this Court's decision in *Lawson v. Union County Clerk of Court*, 828 F.3d 239 (4th Cir. 2016), which denied Eleventh Amendment immunity to a South Carolina county office), Appellee's legal structure confirms it is a lesser governmental entity, and not the State, and therefore not entitled to arm-of-the-State immunity. See Op. Br. 41–43 (discussing *Lawson* and identical legal structure of County Clerk's and Sheriff's Offices).

### IV. *Galette* resolves this case and harmonizes this Court's precedent.

Under *Galette*, the central inquiry is whether the State is formally legally liable for judgments against Appellee. *Id.* at 872–73.

In *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), this Court did not address whether the State is formally legally liable for judgments against a county sheriff's office—the inquiry that *Galette* now identifies as the most important indicator of separateness. Instead, this Court determined arm-of-the-State status based on other then-relevant considerations that included state control and indirect financial factors. *Cromer*, 88 F.3d at 1331–32. *Galette* now makes clear that reliance on these secondary considerations is "perilous" and "unreliable,"

particularly where the State's decision to avoid formal legal liability for an entity's judgments provides objective clarity. 146 S. Ct. at 872–73.

Accordingly, to the extent *Cromer* can be read to support Eleventh Amendment immunity in the absence of State formal legal liability for an entity's judgments, it can no longer control Appellee's claim of immunity under *Galette*.

By contrast, this Court's decisions in both *Lawson v. Union County Clerk of Court*, 828 F.3d 239, 250–51 (4th Cir. 2016), and *Harter v. Vernon*, 101 F.3d 334, 340–43 (4th Cir. 1996), are entirely consistent with *Galette*, as they each denied Eleventh Amendment immunity where the State was not legally responsible for the entity's judgments and where the entity functioned as a local governmental body.

Applying *Galette* and denying Appellee's claim of immunity further harmonizes this Court's existing Eleventh Amendment precedent.

## CONCLUSION

The Supreme Court's grant-vacate-remand for reconsideration in light of *Galette* is a strong indication that *Galette* requires a different outcome. The judgment of the District Court finding that Appellee is entitled to Eleventh Amendment immunity must be reversed, the dismissal of Plaintiffs' *Monell* claims due to that immunity, vacated, and the case remanded for further proceedings.

Respectfully submitted,

*/s/ Richard A. Hricik*
Counsel for Appellants

# CERTIFICATE OF COMPLIANCE

1.    This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

2.    Exclusive of the cover page and certificate of compliance, this brief contains 5 pages.

*/s/ Richard A. Hricik*
Richard A. Hricik, Esq.
THE LAW OFFICES OF
RICHARD A. HRICIK, PA
941 Houston Northcutt Blvd. Ste. 204
Mt. Pleasant, SC 29464
Richard@CharlestonLawyer.com
P: (843) 849-0136

*Counsel for Appellants*