No. 24-1238

In The
United States Court of Appeals
For The Fourth Circuit
_____

RANDALL WILLIAMS, Personal Representative of the Estates of
Shanice R. Dantzler-Williams and Miranda R. Dantzler-Williams; BETTY
SIMMONS, Personal Representative of the Estate of Stephanie Dantzler

Plaintiffs - Appellants

v.

CHARLESTON COUNTY SHERIFF'S OFFICE

Defendant - Appellee

and

CHARLESTON COUNTY; EMILY PELLETIER; CLINTON SACKS

Defendants
_____

On Appeal from the United States District Court
for the District of South Carolina at Charleston
_____

**Supplemental Letter Brief of Appellee
Charleston County Sheriff's Office**
_____

Elloree A. Ganes (FED #9022)
Evan M. Sobocinski (FED #13175)
Deborah Harrison Sheffield, *Of Counsel* (FED # 4942)
HOOD LAW FIRM, LLC
172 Meeting Street ~ Post Office Box 1508
Charleston, SC 29402
Ph: (843) 577-4435 ~ Fax: (843) 722-1630
**Counsel for Appellee**

This matter is on appeal from the order of the District Court holding that the Charleston County Sheriff (and by extension, his office and deputies) is an arm of the State of South Carolina and dismissing the §1983 *Monell* claims against the Sheriff's Office on Eleventh Amendment immunity grounds. On appeal, this Court affirmed in an unpublished opinion. [*Williams v. Charleston County Sheriff's Office*, Op. No. 24-1238, 2025 WL 602754 (4th Cir. Feb. 25, 2025).] The Plaintiff/Appellant filed a petition for a writ of certiorari with the Supreme Court, which was summarily granted by order of March 23, 2026, with a remand to this Court "for further consideration in light of *Galette v. New Jersey Transit Corp.*, 607 U. S. ___ (2026)." By order of April 28, 2026, this Court directed the parties to provide supplemental briefs as to "What effect, if any, does the Supreme Court's decision in *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854 (2026), have on the disposition of this case?" The Sheriff's Office submits that the opinion in *Galette* has no direct, relevant effect on the dismissal of the claims against the Sheriff's Office because a South Carolina sheriff, as an individual elected to an office created by the State constitution, is diametrically different from the type of corporate entities created by legislation, such as the NJ Transit.

In *Galette*, the Court addressed the question of whether the New Jersey Transit is an arm of New Jersey and thus entitled to the state's sovereign immunity, and found that it is not. In reaching that decision, the Court noted that sovereign

1

immunity analysis is founded on two core concepts – protecting the dignity of the State and the State treasury: "State sovereign immunity bars private parties from suing a nonconsenting State in that State's own courts or in the courts of another State.  In so doing, it prevents 'the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.' It also protects the State from "being thrust ... against its will, into the disfavored status of a debtor, subject to the power of private citizens to levy on its treasury." *Id.* at 865 (citations omitted). The Court conducted a review of prominent opinions, identifying and discussing certain factors: "[T]he Court first sets forth the principles that have guided the arm-of-the-State inquiry in its precedents." *Id*.

*Legal Structure of the Entity*:  The Court noted that "precedents have consistently, and predominantly, examined whether the State structured the entity as a legally separate entity liable for its own judgments." *Id.* at 868. The Court identified creation of a legal corporation as an example of potentially the "clearest evidence" while recognizing the possibility of other examples.

*Financial Liability for Judgment*:  The Court also discussed how prior precedents "focus on whether the entity is liable for its own judgments or whether the State is formally liable, *i.e.*, whether 'any judgment' against the entity 'must be satisfied out of the state treasury.'" *Id.* at 869.  On this point, the Court contrasted a state's formal legal liability with "an entity's practical financial relationship with the

2

State, such as its expectation that the State would cover its judgments if needed, has less relevance." *Id.*

***Degree of State Control***: While the Court noted previous opinions have suggested that the degree of control the state exerts over the entity should be considered, the Court advised that courts should use caution in considering control: "Control is not especially probative because 'ultimate control of every state-created entity resides with the State,' even those that are not arms of the State." *Id.* (citations omitted).

Applying these principles to the question before it, the Court noted that New Jersey structured NJ Transit as a legally separate entity, and found that "NJ Transit's corporate status serves as strong evidence that it is not an arm of the State." *Id.* at 871. The Court also noted that any evidence about how the state is not formally liable for any of NJ Transit's debts or liabilities, or about the degree of control that New Jersey exerts over NJ Transit did not change the ultimate conclusion that the NJ Transit is not an arm of the State of New Jersey.

In a final statement as to a core concept found in the controlling precedents, the Court said: "[W]hat promotes consistency is adhering to a long line of cases in which this Court has found state-created corporations that are formally liable for their own judgments not to be arms of the States that created them." *Id.* at 875. Application of that core principle in the case now before this Court is simple and

clear because the Charleston County Sheriff's Office is not a state-created corporation. In fact, the Sheriff's Office is not an entity – it is only a designation or nomenclature for the organizational structure of the sheriff's staff.

Apart from the Plaintiff's designation of the party plaintiff as the Sheriff's Office, more importantly, the indisputable legal fact is that the Sheriff is a constitutional officer – an elected official that holds a vital position created by the State Constitution to carry out essential duties and responsibilities for enforcing state laws. There is nothing in the Supreme Court's analysis in *Galette* or prior precedent that would plausibly support any fair comparison between a legislatively created corporation and an elected constitutional officer of the State of South Carolina.

As to the factor of financial liability for judgment, the fact is that any judgment will be paid by the Insurance Reserve Fund, an arm of the State: "[T]he Office of the Insurance Reserve Fund is an arm or alter ego of the State of South Carolina…." *South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 308 (4th Cir. 2008). As to the degree of state control, a point which – in the view of the *Galette* Court -- might not even be especially probative, the fact is that a Sheriff is an official charged with enforcing state laws and whose duties, terms of office, etc. are established by state, and not local, law.

4

The decision of this Court rests on the binding effect of the controlling circuit precedent set in *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), wherein this Court held that a South Carolina sheriff is an "arm of the state" protected from suit by the Eleventh Amendment. Correspondingly, as acknowledged by this Court[1], the South Carolina Appellate Courts previously have held that sheriffs (and their deputies) are state officials *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523 (1992). *See also Wyatt v. Fowler*, 326 S.C. 97, 484 S.E.2d 590, 593 (1997); *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 688 S.E.2d 125, 127 (2010); *Lampley v. Hulon*, 432 S.C. 566, 854 S.E.2d 489, 492 (Ct. App. 2021). There is nothing in the decision of the Supreme Court in *Galette* that negatively impacts the holding or analysis of the *Cromer* Court and the numerous, longstanding related federal and state precedents discussed in the Appellee's Brief. Rather, under the reasoning and analysis found in the *Galette* opinion, Appellant's arguments and contentions about who pays for any judgment rendered against the Sheriff or who has what degree of control over the Sheriff's law enforcement authority, can be considered of marginal relevance, and those factors do not outweigh the imperative need to protect the dignity and integrity of an elected state official from being subjected to litigation in federal courts by private parties.

---

[1] *Wall v. Sloan*, 1998 WL 54938, at *1 (4th Cir. 1998) (citing *Cone v. Nettles,* infra.).

Respectfully submitted,

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Ph: (843) 577-4435
Fax: (843) 722-1630
Email: Info@hoodlaw.com

**/s/ Elloree A. Ganes**
Elloree A. Ganes (FED #9022)
Elloree.ganes@hoodlaw.com
Evan M. Sobocinski (FED #13175)
Evan.sobocinski@hoodlaw.com
Deborah Harrison Sheffield, *Of Counsel* (FED # 4942)
Deborah.sheffield@hoodlaw.com
**Attorneys for the Appellee**
**Charleston County Sheriff's Office**

**May 19, 2026**